STATE v. MANUEL DAVID MEDRANO.

199 N. W. 2d 767.

July 21, 1972—No. 42526.

C. *Paul Jones,* State Public Defender, and *David Bennett,* Assistant State Public Defender, for appellant.

*Warren Spannaus,* Attorney General, *George M. Scott,* County Attorney, and *Henry W. McCarr, Jr.,* and *David G. Roston,* Assistant County Attorneys, for respondent.

Heard before Knutson, C. J., and Otis, Rogosheske, and Peterson, JJ.

PER CURIAM.

Defendant, 15 years of age at the time of the offense, was charged with killing his uncle while under the influence of narcotic drugs. He was certified by the juvenile court for prosecution in the district court pursuant to Minn. St. 260.125. The jury found him guilty of murder in the third degree in violation of § 609.195(1). He was sentenced according to law and committed to the custody of the Youth Conservation Commission. He appeals from the conviction and we affirm.

Defendant seeks reversal on the following grounds: (1) The court's charge with respect to intent was erroneous; (2) the court improperly charged the jury with respect to the effect of intoxication; (3) the court's charge on the defense of insanity was erroneous; (4) the court failed to submit the lesser included offense of manslaughter in the second degree; and (5) the juvenile court neglected to justify its order referring defendant to the district court for trial.

The record discloses only two requests by defendant for instructions. The first was as follows:

"* * * I submit that the question of voluntariness is a jury question and should be submitted to them as such. I further submit that they should then be given an opportunity, if they find that the taking [of narcotics] was not voluntary, to find the defendant not guilty or not guilty by reason of insanity."

The second request was as follows:

"* * * It's defendant's contention that an instruction should be given to the jury that if they find that the taking of narcotics was involuntary, then they should be able to find that the acts committed by the defendant were not sufficient to show the general intent required to commit any crime and should be allowed—strike that—and should be instructed as to the possibility of bringing him [sic] a not guilty verdict."

In response, the court charged as follows:

"* * * If you find that defendant caused the death of Alex Jerome Biles under circumstances amounting to murder in the third degree,

but that because of the involuntary use of drugs he was not aware of the nature of his act or that it was wrong, you may find him not guilty because of insanity."

We are of the opinion that the charge as given substantially complied with the instructions requested by defendant.

At the end of the charge, the court asked counsel for the state and counsel for defendant if there were any corrections or additions, to which both answered in the negative.

Defendant argues that the court misled the jury by stating that intent was not an element of the offense. In construing § 609.195, the court said:

"* * * I am now going to read that statute to you. It provides that: Whoever, without intent to effect the death of any person, causes the death of another by either of the following means, is guilty of murder in the third degree.

"There are two clauses under this, only one of which might be applicable here, so I will read only that. The means that may be applicable here is this: Perpetuates an act eminently dangerous to others **and evincing a depraved mind,** regardless of human life.

"Now, the elements of this offense are basically these: (1) that the death of a person, in this case Alex Jerome Biles, was caused by the defendant; and (2) that this was done by an act eminently dangerous to others, evincing a depraved mind, regardless of human life. With reference to the term 'depraved mind' that is used in this statute, that, together with the other provisions of the statute, is intended to cover cases where reckless, mischievous or wanton acts are committed without regard to their effect on a particular person, but with a reckless disregard of whether they injured one person or another, and it involves an unintentional killing without a special design upon a particular person by an act eminently dangerous to others, evincing a mind depraved and regardless of human life.

" 'Intent,' as you will remember, if you followed my reading of the statute, is not an element of this offense."

We are of the opinion that the jury was not misled, because of the juxtaposition of the court's statement that intent was not an element of the offense to the statement made immediately prior thereto that the crime involved an unintentional killing, and the prefatory quotation from the statute, "Whoever, without intent to effect the death of any person, * * *."

We have considered the other issues raised by defendant and find

them to be without merit. Defendant was accorded a fair trial and was represented by counsel of his own choosing who fully protected his interests and expressed satisfaction with the court's instructions. Accordingly, the conviction is affirmed.

Affirmed.

Mr. Justice Gunn took no part in the consideration or decision of this case.

Mr. Justice MacLaughlin, not having been a member of this court at the time of the argument and submission, took no part in the consideration or decision of this case.